IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SARA MARIE MILLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-254E |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER OF COURT

AND NOW, this 29th day of April, 2014, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending applications for benefits[1] on November 4, 2010, alleging a disability onset date of March 1, 2005, due to back pain, chronic obstructive pulmonary diseases (COPD), hypertension and overactive bladder. Plaintiff's applications were denied initially. At plaintiff's request an ALJ held a hearing on May 17, 2012, at which plaintiff, represented by counsel, appeared and testified. On June 26, 2012, the ALJ issued a decision finding that plaintiff is not disabled. On June 18, 2013, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 54 at the time of the ALJ's decision and is classified as a person closely approaching advanced age under the regulations. 20 C.F.R. §404.1563(d) and 416.963(d). She has at least a high school education and past relevant work as a cook/sandwich maker and bartender, but she has not performed any substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that while plaintiff suffers from the severe impairments of COPD, obesity and lumbar degenerative disc disease, the medical evidence does not show that plaintiff's impairments, alone or in combination, meet or medically equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to perform light work with a sit/stand option every 45 minutes, along with numerous other restrictions accounting for the limiting effects of her impairments.[2] A vocational expert identified numerous categories

---

[1] For purposes of plaintiff's Title II application, the ALJ found that plaintiff met the disability insured status requirements of the Act on her alleged onset date and has acquired sufficient quarters of coverage to remain insured only through September 30, 2009.

[2] Specifically, plaintiff is limited to only occasional postural activities such as crouching, crawling, stooping, climbing, bending and kneeling; must avoid proximity to temperature extremes, extreme wetness

of jobs which plaintiff can perform based upon her age, education, work experience and residual functional capacity, including cashier, marker and routing clerk. Relying on the vocational expert's testimony, the ALJ found that there are jobs existing in significant numbers in the national economy that plaintiff can perform. Accordingly, the ALJ concluded that plaintiff is not disabled under the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A) and §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[3] 20 C.F.R. §§404.1520 and 416.920. If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises three challenges to the ALJ's determination that plaintiff is not disabled: (1) the ALJ improperly evaluated the medical evidence from her treating physicians; (2)

---

and humidity and respiratory irritants such as fumes, odors, dusts and gases; and she should work in a climate-controlled, well-ventilated, interior environment. (R. 25).

[3] The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003).

the ALJ improperly evaluated plaintiff's credibility; and, (3) the ALJ failed to develop the record by ordering a consultative examination. Upon review, this court is satisfied that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

Plaintiff's first argument is that the ALJ improperly evaluated the medical evidence by failing to give controlling weight to medical source statements provided by plaintiff's treating physicians, Dr. Sherri Walker and Dr. Kevin Capp, indicating that plaintiff is capable of only part-time work and that she is limited to less than 2 hours of standing/walking and less than 6 hours of sitting in an 8-hour workday. (R. 303-304; 305-308; and 335-338). The court can discern no errors in the ALJ's analysis of these source statements and is satisfied that the ALJ's evaluation of this medical evidence is supported by substantial evidence.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §§404.1527(d)(2) and 416.927(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. However, when a treating source's opinion is not entitled to controlling weight, it is to be evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors, including the opinion's supportability, consistency and specialization. 20 C.F.R. §§404.1527(d) and 416.927(d). Importantly, the opinion of any physician on the issue of what an individual's residual functional capacity is or on the ultimate determination of disability never is entitled to special significance. 20 C.F.R. §§404.1527(e) and 416.927(e); SSR 96-5p.

Here, the ALJ adhered to the foregoing standards in evaluating the opinions of Drs. Walker and Capp, and the court finds no error in the ALJ's detailed analysis of this evidence. The ALJ expressly addressed the foregoing opinions and thoroughly explained why he did not give those opinions controlling weight. (R. 27). In particular, the ALJ emphasized that: both Dr. Walker and Dr. Capp see plaintiff on an infrequent basis; that plaintiff's recent physical examinations have been normal and that plaintiff indicated that she was feeling better by cutting back on smoking and increasing her exercise; and that Dr. Walker's initial opinion indicated that the proposed limitations on plaintiff's ability to sit, stand and walk were based on plaintiff's subjective reports, which the ALJ found to be not entirely credible. (R. 27).

Based upon his review of the <u>entire</u> record, the ALJ concluded that plaintiff's impairments, while severe, do not result in the limitations on sitting, standing and walking as set forth by Dr. Walker and Dr. Capp, nor do they restrict her to part-time work. Because those opinions are not supported by the objective evidence as outlined in the decision, and are inconsistent with other substantial evidence in the record, including their own findings, the ALJ did not err in not giving those opinions controlling, or even significant, weight. 20 C.F.R. §§404.1527(d) and 416.927(d); SSR 96-2p.

Significantly, it also must be emphasized that the ALJ did not reject the conclusions from Dr. Walker and Dr. Capp in their entirety. To the extent their asserted limitations are supported by the objective evidence, the ALJ did accommodate them in his residual functional capacity finding by limiting plaintiff to a sit/stand option every 45 minutes, to only occasional postural activities, and to numerous environmental restrictions. (R. 27).

In sum, the ALJ did a thorough job in his decision in setting forth the relevant medical evidence and explaining why he rejected or discounted any evidence. The court has reviewed the

℅AO 72
(Rev. 8/82)

- 5 -

ALJ's decision and the record as a whole and is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Plaintiff also contends that the ALJ's credibility determination is not supported by substantial evidence. Specifically, plaintiff argues that the ALJ failed to comply with the appropriate legal standards in concluding that plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible. The court finds no error in the ALJ's evaluation of plaintiff's subjective complaints of pain and limitations.

As required, in assessing plaintiff's credibility the ALJ considered plaintiff's subjective complaints, but <u>also</u> considered those complaints in light of the medical evidence and all of the other evidence of record. 20 C.F.R. §§404.1529(c) and 416.929(c); <u>see also</u> SSR 96-7p. The ALJ did a thorough job in his decision explaining why plaintiff's allegations of disabling subjective symptoms are not supported by the record, in particular by the objective medical findings or by plaintiff's self-reported activities of daily living. (R. 27). The ALJ noted that plaintiff engages in a wide variety of daily activities, including cooking, cleaning, driving, shopping, visiting relatives and exercising. He also pointed out that plaintiff rarely sees her doctors, she has not pursued any type of specialized treatment for her impairments, and she only occasionally takes over-the-counter medications for pain. (<u>Id</u>.) Based upon all of the evidence, the ALJ found plaintiff to be not entirely credible as to her allegations of completely debilitating symptoms and limitations.

Again, it is important to note that the ALJ did not find plaintiff's subjective complaints <u>entirely</u> not credible. Rather, his decision makes clear that, to the extent plaintiff's allegations as to the limitations arising from her impairments are supported by the medical and other evidence, the ALJ accommodated those limitations in his residual functional capacity finding. Only to the extent that plaintiff's allegations are not so supported did the ALJ find them to be not credible.

The record demonstrates that the ALJ adhered to the appropriate standards in evaluating plaintiff's credibility and it is not this court's function to re-weigh the evidence and arrive at its own credibility determination. Rather, this court must only determine whether the ALJ's credibility determination is supported by substantial evidence and the court is satisfied that it is.

Plaintiff's final argument is that the ALJ failed to develop the record by not having plaintiff evaluated by a consultative examiner.[4] This argument is without merit.

The Regulations authorize the ALJ to obtain a consultative examination *if* the information needed to make a disability determination, "such as clinical findings, laboratory tests, a diagnosis or a prognosis" cannot be obtained from the claimant's medical sources. 20 C.F.R. §§404.1519a(a) & (b) and 416.919a(a) & (b). Before purchasing a consultative examination, the ALJ is to consider not only the existing medical reports but also the disability interview form containing the claimant's allegations as well as other pertinent evidence in the file. 20 C.F.R. §§404.1519a(a) and 416.919a(a). After consideration of the available evidence, the Regulations provide that a consultative examination *may* be purchased "to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to support a decision on your claim." 20 C.F.R. §§404.1519a(b) and 416.919a(b).

Here, however, there was no inconsistency in the evidence and the evidence as a whole was sufficient to support the ALJ's decision without the need for a consultative examination. The

---

[4] In his brief, plaintiff cites to SSR 82-62, SSR 85-16 and SSR 99-5p in arguing that the ALJ had a duty to develop the record and order a consultative examination. SSR 82-62 deals with a plaintiff's ability to do past relevant work. Here, the ALJ found in favor of plaintiff that she cannot do her past relevant work. SSR 85-16 addresses residual functional capacity for mental impairments and clearly has no bearing on this case. Plaintiff's citation to "SSR 99-5p" appears to be a mistaken reference to SSR 96-5p, which provides "if the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make 'every reasonable effort' to recontact the source for clarification of the reasons for the opinion." Here, there was no need to re-contact any medical source because their reasons for their opinions were clear from their medical source statements.

records from Dr. Walker and Dr. Capp contain clinical findings, laboratory tests, diagnoses and prognoses,[5] all of which, along with the non-medical evidence of record, enabled the ALJ to make a disability determination without the need of a consultative examination.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

                                              /s/ Gustave Diamond
                                              Gustave Diamond
                                              United States District Judge

cc:    R. Christopher Brode, Esq.
       Brode Law Firm
       305 Walnut Street
       Meadville, PA 16335

       Christian A. Trabold
       Assistant U.S. Attorney
       17 South Park Row
       Room A330
       Erie, PA 16501

---

[5] The court notes particularly that Dr. Walker listed plaintiff's prognosis as "good" and that both recommended that plaintiff "stop smoking, lose weight, do regular exercises and back stretches." (R. 302).

AO 72
(Rev. 8/82)